Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| GRETCHEN Y. FALCÓN AYALA<br><br>Parte Recurrente<br><br><br>v.<br><br><br>DEPARTAMENTO DE EDUCACIÓN<br><br>Parte Recurrida | KLRA202300026 | Revisión de Decisión Administrativa Procedente de la Oficina de Apelaciones del Sistema de Educación<br><br>Caso Núm.: 2016-08-0172<br><br><br>Sobre: Reclutamiento y Selección |

Panel integrado por su presidente, el Juez Figueroa Cabán, la Juez Grana Martínez, el Juez Rodríguez Flores y el Juez Monge Gómez.[1]

Rodríguez Flores, Juez Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de octubre de 2023.

La parte recurrente, Gretchen Y. Falcón Ayala, comparece mediante solicitud de revisión judicial y solicita que revoquemos la *Resolución* dictada y notificada el 19 de diciembre de 2022, por la Oficina de Apelaciones del Sistema de Educación (OASE). Mediante el referido dictamen, el ente recurrido denegó la solicitud de reconsideración presentada por la Sra. Falcón Ayala y sostuvo la *Resolución* emitida el 22 de julio de 2022, mediante la cual desestimó la apelación presentada por la Sra. Falcón Ayala, por académica.

Mediante *Resolución* emitida el 6 de marzo de 2023, ordenamos a la OASE a someter copia certificada del expediente administrativo 2016-08-0172, el cual la agencia nos presentó el 14 de marzo de 2023.

---

[1] Véase Orden Administrativa OAJP-2022-099A.

Evaluados los escritos presentados por las partes, así como la copia certificada del expediente administrativo, confirmamos la resolución recurrida.

I.

La Sra. Falcón Ayala solicitó la permanencia de su puesto como maestra de cuarto a sexto grado[2], en virtud de la Ley Núm. 312 del 15 de mayo de 1938[3], conocida como *Ley de Permanencia de Maestros* y de conformidad con la Carta Circular del Secretario del Departamento de Educación del 31 de mayo de 2016[4].

El 15 de julio de 2016, el Secretario del Departamento de Educación notificó a la Sra. Falcón Ayala *Notificación de Solicitud de Reclamo sobre Elegibilidad para Otorgación de Estatus Permanente Conforme a la Ley 312 de 15 de mayo de 1938, según enmendada*[5]. En esta, le informó a la Sra. Falcón Ayala que su solicitud de permanencia no procedía, puesto que no trabajó consecutivamente los años 2013-2014, 2014-2015 y 2015-2016 en la misma categoría. También, le informó sobre su derecho a apelar la determinación ante la Comisión Apelativa del Servicio Público (CASP).

Así, el 9 de agosto de 2016, la Sra. Falcón Ayala presentó por derecho propio[6], una *Solicitud de Apelación*[7] ante la Comisión Apelativa del Servicio Público. En síntesis, alegó ser maestra de cuarto a sexto grado y empleada *transitoria-elegible* del Departamento de Educación. Adujo que solicitó la permanencia de dicho puesto en virtud de la Ley 312 del 15 de mayo de 1938 y la Carta del Secretario de Educación del 31 de mayo de 2016. Señaló que el Secretario le notificó que su solicitud de permanencia no

---

[2] La Sra. Falcón Ayala laboraba en la Escuela S.U. María C. Santiago en Comerío.
[3] 18 LPRA sec. 214 *et seq.*
[4] *Solicitud de Información sobre el Proceso de Otorgación de Permanencias,* Carta del Secretario de Educación del 31 de mayo de 2016, expediente administrativo de OASE.
[5] Véase, expediente administrativo de OASE.
[6] Posteriormente, la Sra. Falcón Ayala compareció representada por abogado.
[7] Véase, expediente administrativo de OASE.

procedía por no haber trabajado consecutivamente los años escolares 2013-2014, 2014-2015 y 2015-2016. Argumentó que, la Ley 312-1938, supra, establece como elemento categórico para la otorgación de la permanencia el haber trabajado satisfactoriamente de forma consecutiva durante dos (2) años escolares y que dicho estatuto no limita *cuáles* dos años se tomarán en consideración, ni faculta al Secretario del Departamento de Educación a escoger *cuáles* dos años escolares se tomarán en consideración. La Sra. Falcón Ayala arguyó que sí trabajó dos años escolares de forma consecutiva en la misma categoría[8]. Por lo anterior, sostuvo que sí cumple con los requisitos establecidos y que el Secretario del Departamento de Educación tenía la obligación legal de otorgar la permanencia por cumplir con los requisitos establecidos por dicha ley, indistintamente de cuáles dos años consecutivos fueron trabajados de forma satisfactoria.

El 14 de marzo de 2017, el Departamento de Educación presentó *Contestación a la Apelación.* En resumen, el Departamento negó la mayoría de las alegaciones y levantó varias defensas afirmativas. Luego, el 31 de enero de 2019, la CASP ordenó el traslado del caso a la Oficina de Apelaciones del Sistema de Educación[9]. A la fecha del traslado, no se había celebrado vista en su fondo ni había señalamientos pendientes, quedando el caso pendiente de determinación final.[10]

Tras varias incidencias procesales, el 30 de marzo de 2022, el Departamento de Educación presentó una *Moción en Solicitud de Desestimación por Academicidad*[11]. En síntesis, el Departamento

---

[8] La Sra. Falcón Ayala adujo que trabajó consecutivamente los años escolares 2004-2005 y 2005-2006.

[9] El 29 de marzo de 2018 entró en vigor la Ley Núm. 85-2018, *Ley de Reforma Educativa de Puerto Rico* que creó la Oficina de Apelaciones del Sistema de Educación la cual obtuvo jurisdicción primaria para revisar las determinaciones finales sobre asuntos de personal del Departamento de Educación.

[10] Véase, *Traslado a la Oficina de Apelaciones del Sistema de Educación.*

[11] Véase, Apéndice del Recurso, págs. 15-16.

informó que la Sra. Falcón Ayala se encontraba *inactiva* de la plantilla de empleados del Departamento, por lo que no es empleada del sistema. Por ello, solicitaron la desestimación del pleito, por entender que, ante la inactividad de la Sra. Falcón Ayala en el sistema, la controversia se tornó académica. El 11 de abril de 2022[12], la OASE ordenó a la Sra. Falcón Ayala replicar la solicitud de desestimación. La Sra. Falcón Ayala no replicó a la referida moción de desestimación.

Surge del expediente administrativo que, el 22 de abril de 2022, la OASE celebró una vista sobre el estado de los procedimientos[13]. En igual fecha, la OASE emitió una *Orden* a los efectos de que el Departamento de Educación especificara los datos de inactividad de la Sra. Falcón Ayala y, además, concedió un término final a la recurrente para replicar, so pena de conceder lo solicitado[14]. La Sra. Falcón Ayala no presentó escrito en réplica.

Finalmente, el 22 de julio de 2022, la OASE emitió *Resolución* en la que declaró Ha Lugar la solicitud de desestimación por academicidad presentada por el Departamento y ordenó el archivo con perjuicio de la apelación de la Sra. Falcón Ayala. En su dictamen, la OASE señaló que la Sra. Falcón Ayala había solicitado se le otorgara estatus permanente y, una vez notificado el hecho de que ésta se encontraba *inactiva* en la plantilla de empleados del Departamento de Educación, dejó de ser empleada del Departamento de Educación, por lo que no existía una controversia justiciable que adjudicar.

Insatisfecha con el dictamen, la Sra. Falcón Ayala presentó *Solicitud de Reconsideración en Torno a Resolución[15].* El 19 de

---

[12] Véase, *Orden* del 11 de abril de 2022, expediente administrativo de OASE.
[13] Del expediente administrativo no surge acta o minuta. No obstante, consta Orden emitida por la OASE el 22 de abril de 2022, en la que hace mención de la vista celebrada.
[14] Véase, *Orden* del 22 de abril de 2022, expediente administrativo de OASE.
[15] Véase, Anejo 3, *Solicitud de Reconsideración en Torno a Resolución*, págs. 22-26.

diciembre de 2022, la OASE emitió resolución en la que declaró No Ha Lugar la solicitud de reconsideración y mantuvo en pleno vigor la Resolución del 22 de julio de 2022.

Inconforme, la Sra. Falcón Ayala acude nos mediante solicitud de revisión judicial y le imputa a la OASE la comisión de los siguientes errores:

1. Erró la Honorable Jueza Administradora en su Resolución al declarar *No Ha Lugar* la Reconsideración presentada por la parte apelante y dictaminar que *se mantiene en pleno vigor la Resolución emitida el 22 de julio de 2022,* a pesar de que dicha Resolución así confirmada tiene la adjudicación de un hecho esencial (que la apelante pasó a ser empleada inactiva de Educación porque se acogió a los beneficios del retiro) que no ha[ll]a respaldo ni tiene sustento en la evidencia documental que obra en el expediente administrativo, ni en las alegaciones de las partes; y tampoco haya respaldo en prueba testimonial alguna toda vez que en este caso no se celebró una vista adjudicativa en sus méritos.

2. Erró [...] la Honorable Jueza Administrativa en su interpretación y aplicación del derecho al no tomar en consideración y/o dejar pasar por desapercibido que, tal y como dicta la doctrina sobre academicidad en nuestro ordenamiento, una reclamación no se ha tornado académica cuando la situación de hecho ha sido cambiada por la parte promovida y no tiene visos de permanencia.;

3. Erró [...] la Honorable Jueza Administrativa en su Resolución al declarar *No Ha Lugar* la Reconsideración presentada por la parte apelante y dictaminar que *se mantiene en pleno vigor la Resolución emitida el 22 de julio de 2022,* a pesar de que el motivo por el cual la apelante se encontraba inactiva en el Sistema de Educación al 30 de marzo de 2022, luego de seis (6) años de presentado el recurso de apelación administrativo, se [...] ha[ll]a en controversia; también se ha[ll]a en controversia si dicha situación de hecho (la modificación en el estatus activo de la parte apelante en el Sistema de Educación) fue cambiado por la parte promovida o si dicho cambio responde a un acto voluntario de la parte apelante; y si dicho cambio tiene o no visos de permanencia, todo lo cual constituye hechos esenciales para la determinación de si la presente reclamación se ha tornado o no académica.

II.

A.

Es norma firmemente establecida que los tribunales han de conceder gran consideración y deferencia a las decisiones de los organismos administrativos. Ello, dado que las agencias

administrativas cuentan con vasta experiencia y conocimiento especializado en cuanto a los asuntos que les han sido encomendados[16].

Como resultado, la decisión de una agencia administrativa gozará de una presunción de legalidad y corrección que será respetada, siempre que la parte que la impugna no produzca evidencia suficiente para rebatirla[17]. Así, en cuanto a las determinaciones de hecho que realiza una agencia, el Tribunal Supremo ha resuelto que los tribunales revisores tienen que sostenerlas si se encuentran respaldadas por evidencia suficiente que surja del expediente administrativo al ser considerado en su totalidad[18]. Por evidencia sustancial se entiende "aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión"[19]. Por lo tanto, la parte afectada deberá reducir el valor de la evidencia impugnada o demostrar la existencia de otra prueba que sostenga que la actuación del ente administrativo no estuvo basada en evidencia sustancial[20]. En fin, el tribunal debe limitar su intervención a evaluar si la determinación de la agencia es razonable, ya que se persigue evitar que el tribunal revisor sustituya el criterio de la agencia por el suyo[21].

Por otro lado, respecto a las conclusiones de derecho, la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico,* Ley Núm. 38-2017, señala que éstas pueden ser revisadas en todos sus aspectos. Sec. 4.5 de la LPAU, 3 LPRA sec. 9675. Ahora bien, lo anterior "no implica que los tribunales revisores tienen la

---

[16] *Moreno Lorenzo y otros v. Depto. Fam.*, 207 DPR 833, 839 (2021), citando a *OCS v. Universal*, 187 DPR 164, 178 (2012); *The Sembler Co. v. Mun. de Carolina*, 185 DPR 800 (2012); *Pagán Santiago, et al. v. ASR*, 185 DPR 341, 358 (2012).
[17] *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 215 (2012).
[18] *Pacheco v. Estancias*, 160 DPR 409, 432 (2003). Véase, además, Sec. 4.5 de la LPAU, 3 LPRA sec. 9675.
[19] *Rolón Martínez v. Superintendente*, 201 DPR 26, 36 (2018); *González Segarra et al. v. CFSE,* 188 DPR 252, 277 (2013); *Otero v. Toyota*, 163 DPR 716, 728-729 (2005).
[20] *Otero v. Toyota*, supra, pág. 728.
[21] *Id.*

libertad absoluta de descartar libremente las conclusiones e interpretaciones de la agencia"[22]. Consecuentemente, cuando un tribunal llega a un resultado distinto al de la agencia, éste debe determinar si la divergencia es a consecuencia de un ejercicio razonable y fundamentado de la discreción administrativa, ya sea por la pericia, por consideraciones de política pública o en la apreciación de la prueba[23]. Dicho de otro modo, "[e]l tribunal podrá sustituir el criterio de la agencia por el propio solo cuando no pueda hallar una base racional para explicar la decisión administrativa"[24].

Por consiguiente, la deferencia concedida a las agencias administrativas únicamente cederá cuando: (1) la determinación administrativa no esté basada en evidencia sustancial; (2) el organismo administrativo haya errado en la aplicación o interpretación de las leyes o los reglamentos que se le ha encomendado administrar; (3) cuando el organismo administrativo actúe arbitraria, irrazonable o ilegalmente, al realizar determinaciones carentes de una base racional; o, (4) cuando la actuación administrativa lesione derechos constitucionales fundamentales.[25]

### B.

La Ley 312 de 15 de mayo de 1938, según enmendada, conocida como la *Ley de Permanencia de Maestros*, 18 LPRA secs. 214-218, fue creada para establecer el nombramiento permanente de los maestros de instrucción pública, después de transcurrido cierto periodo probatorio, determinar el procedimiento para su separación y otros fines. Dicho estatuto establece los requisitos con los que un maestro que aspira a un nombramiento permanente debe

---

[22] *Otero v. Toyota*, supra, pág. 729.
[23] *Id.*
[24] *Id.*
[25] *Super Asphalt v. AFI y otros,* 206 DPR 803, 819 (2021); *Torres Rivera v. Policía de Puerto Rico,* 196 DPR 606, 628 (2016); *IFCO Recycling v. Aut. Desp. Sólidos,* 184 DPR 712, 744-745 (2012).

cumplir. En específico, la Sección 1 de la Ley 312-1938 establece lo siguiente:

> Todo maestro **en servicio activo** en las escuelas públicas, **mediante nombramiento hecho de conformidad con la Ley Escolar [...], los reglamentos del Departamento de Educación y los reglamentos de la Junta Estatal de Instrucción Vocacional, Técnica y de Altas Destrezas**, y que haya ejercido como tal en cualquier categoría de escuela durante el periodo probatorio que se especifica más adelante, **tendrá derecho a ser contratado con carácter permanente en la categoría correspondiente en que esté ejerciendo al expirar dicho periodo probatorio**, sin otras pruebas de calificación o capacidad profesional que la posesión de una licencia regular de la misma categoría del puesto que ocupa el maestro y haber realizado, a juicio del Departamento de Educación, labor satisfactoria. Para los efectos de esta ley, no se tomará en consideración el tiempo que los maestros ejerzan en calidad de provisionales. Tales maestros tendrán derecho a ser contratados con carácter permanente en el municipio en que están ejerciendo al expirar el período probatorio. **El tiempo trabajado por los maestros con certificado regular en calidad de sustituto y que hayan realizado labor satisfactoria en puestos de la misma categoría se convalidará como periodo probatorio. La equivalencia de los dos (2) años de período probatorio comprenderá el trabajo realizado con contrato sustituto o probatorio durante dos (2) años consecutivos.** Tales maestros tendrán derecho a ser contratados con carácter probatorio o permanente **en el municipio donde estén trabajando cuando les corresponda una plaza en propiedad.** (Énfasis suplido).

18 LPRA sec. 214.

## C.

La Ley 85-2018, 3 LPRA sec. 9801 *et seq.*, conocida como la *Ley de Reforma Educativa de Puerto Rico,* se aprobó a los fines de establecer la nueva política pública del Gobierno de Puerto Rico en el área de educación[26]. Como parte de su declaración de política pública, el Artículo 1.02, inciso (d)(5) establece lo siguiente:

> Los maestros serán profesionales capacitados que probadamente y evidenciariamente dominen las materias que han de impartir con excelencia. La certificación de maestro que emite el Secretario es una

---

[26] La Ley 85-2018, supra, derogó la Ley 149-1999, según enmendada, conocida como la *Ley Orgánica del Departamento de Educación de Puerto Rico,* estatuto vigente a la fecha de presentación de la apelación de epígrafe.

garantía al padre o encargado de que así ha sido constatado.

3 LPRA sec. 9801a

El Artículo 2.02 establece lo concerniente al Secretario de Educación. Es específico, dicho artículo expone lo siguiente:

El Secretario es el funcionario designado por el Gobernador de Puerto Rico con arreglo a la Constitución de Puerto Rico. **El Secretario es el funcionario de más alto rango en el Departamento y entre otras funciones y encomiendas, podrá establecer la visión, misión, prioridades y metas del Sistema de Educación Pública, a través de normas, reglamentos, órdenes administrativas o directrices, cónsonas con el ordenamiento jurídico vigente, pero en ningún caso podrá afectar los derechos adquiridos de los maestros. El Secretario tendrá aquellas facultades ejecutivas, administrativas y académicas establecidas en esta Ley o dispuesta en cualquier otra ley aplicable.** (Énfasis suplido).

3 LPRA sec. 9802a.

Por otra parte, el Artículo 2.04, establece lo relativo a los deberes y responsabilidades del Secretario de Educación. En específico, el inciso (b)(29), establece que el Secretario deberá:

Formular las normas relacionadas con la administración y evaluación del personal de las escuelas, **sin afectar ningún derecho adquirido por los maestros previo a la aprobación de esta Ley.** (Énfasis suplido).

3 LPRA sec. 9802c

El Art. 3.01 dispone todo lo concerniente al sistema de personal del Departamento de Educación. En síntesis, dicho artículo dispone que el Departamento administrará su propio sistema de personal y que reconocerá los derechos adquiridos por los maestros previo a la aprobación de esta Ley y adoptará sus reglamentos de personal incorporando el principio de mérito a la administración de sus recursos humanos[27]. El Departamento tendrá empleados de confianza, empleados de carrera y empleados transitorios[28]. En cuanto a los empleados transitorios, estos serán contratados para

---

[27] 3 LPRA sec., 9803.
[28] *Id.*

trabajos de duración fija y no tendrán derecho propietario de su posición[29]. Los derechos de los empleados del Departamento están supeditados a los derechos educativos de los estudiantes, quienes son la razón de ser del Sistema de Educación Pública. Sobre las determinaciones finales sobre asuntos de personal, las mismas serán revisadas, a solicitud de parte, en la Oficina de Apelaciones del Sistema de Educación, la cual tendrá jurisdicción primaria para atenderlas[30].

A tenor de ello, el Artículo 3.02 establece la jurisdicción y funcionamiento de la Oficina de Apelaciones del Sistema de Educación (OSAE). En resumen, la OASE estará compuesta por jueces administrativos contratados por el Departamento y la organización y operación interna de la OASE será establecida mediante reglamento promulgado por el Secretario. Además, establece que los jueces y juezas tendrán total independencia en la adjudicación de las apelaciones y/o asuntos ante su consideración. También, dispone que la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley 38-2017 (LPAU), regirá los procedimientos administrativos ante su consideración[31].

Conforme dispone el Artículo 16.01 de la Ley 85-2018, supra, todos los casos que a la fecha de aprobación de dicho estatuto estén pendientes de resolución y adjudicación ante la Comisión Apelativa del Servicio Público (CASP), deberán ser transferidos a la Oficina de Apelaciones del Sistema de Educación (OASE)[32].

### D.

El Reglamento de la Oficina de Apelaciones del Sistema Educativo, Reglamento Núm. 9099 de 29 de mayo 2019 se promulgó al amparo de la Ley 85-2018, supra, y la Ley 38-2017, supra.

---

[29] *Id.*
[30] *Id.*
[31] 3 LPRA sec. 9803a.
[32] 3 LPRA sec. 9816.

Conforme surge del Artículo 3 del Reglamento, el propósito de este es establecer el proceso a seguirse para la presentación de una apelación ante la OASE y el manejo y trámite adecuado del recurso. Añade que estas reglas deberán interpretarse de forma que propicien una solución justa, rápida y eficiente de los casos a tenor con la política pública establecida en la Ley 85-2018, supra[33]. En el Artículo 4 del referido Reglamento, se establece que este aplicará a todas las apelaciones presentadas por aquellos empleados no sindicados del Departamento de Educación inconformes con una resolución, orden o determinación final sobre asuntos de personal, a tenor con lo dispuesto en la Ley 85-2018, supra.

Por otro lado, sobre la adjudicación sumaria de casos ante la OASE, el Reglamento establece en sus artículos 12.1 y 12.2 lo siguiente:

> Artículo 12.1 – Adjudicación sumaria de casos
> En cualquier caso en el que el juez administrativo tenga ante sí una controversia de derecho, podrá emitir una resolución sumaria sin sujeción a ningún otro trámite procesal.
>
> Artículo 12.2 – Solicitud de resolución sumaria
> Concluido el término para efectuar el descubrimiento de prueba, las partes podrán solicitar la resolución sumaria del caso. **La parte que se oponga a una solicitud de resolución sumaria tendrá un término de diez (10) días calendario a partir de la notificación de la solicitud para presentar su oposición**. Si luego de evaluar la solicitud de resolución sumaria, la oposición a dicha solicitud y los documentos contenidos en el expediente de la agencia el juez administrativo determina que no es necesario celebrar una vista para adjudicar la(s) controversia(s) podrá dictar resolución sumaria final o parcial resolviendo la(s) controversia(s) entre las partes[34]. (Énfasis nuestro).

### E.

El Tribunal Supremo ha expresado que un pleito se torna académico cuando se intenta obtener una sentencia sobre un

---

[33] Depto. Educ., Reglamento de la Oficina de Apelaciones del Sistema de Educación, Núm. 9099 (29 de mayo de 2019), https://www.de.pr.gov/wp-content/uploads/2019/04/reglamento-de-oase.pdf
[34] *Id.*

asunto que, al dictarse, por alguna razón no podrá tener efectos prácticos sobre una controversia existente. *P.P.D. v. Gobernador I,* 139 DPR 643, 675 (1995). Es decir, una controversia puede convertirse en académica cuando su condición viva cesa por el transcurso del tiempo. *U.P.R. v. Laborde Torres y otros I,* 180 DPR 253, 281 (2010).

El Tribunal Supremo ha resuelto que los tribunales pierden su jurisdicción sobre un caso por academicidad. Ello sucede cuando ocurren cambios durante el trámite judicial de una controversia particular, que hacen que la misma pierda su actualidad, de modo que el remedio que pueda dictar el tribunal no ha de llegar a tener efecto real alguno en cuanto a esa controversia y las partes. *CEE v. Depto. de Estado,* 134 DPR 927, 935-936 (1993).

Con el marco fáctico y legal anteriormente expuesto, estamos en posición de resolver.

### III.

En el presente recurso, la Sra. Falcón Ayala impugna la *Resolución* emitida por la OASE mediante la cual desestimó su apelación por académica. En esencia, la recurrente alega que está en controversia el motivo por el cual quedó inactiva del Sistema de Educación, luego de seis años de presentada la apelación ante la OASE. Aduce que también está en controversia si el cambio de estatus en el Sistema de Educación responde a un cambio realizado por el Departamento de Educación, o si dicho cambio responde a un acto voluntario de la Sra. Falcón Ayala; y si dicho cambio tiene o no visos de permanencia—hechos que la Sra. Falcón Ayala entiende son esenciales para determinar si su reclamación se ha tornado académica. Veamos.

Conforme surge del expediente administrativo, la Sra. Falcón Ayala presentó su apelación ante la OASE el 9 de agosto de 2016. En dicha fecha, la Sra. Falcón Ayala era empleada transitorio

elegible en el Sistema de Educación. Sin embargo, el 30 de marzo de 2022— estando aún pendiente de adjudicación de la OASE, el Departamento de Educación solicitó la desestimación del pleito por academicidad. Lo anterior, ante el hecho de que la Sra. Falcón Ayala estaba inactiva en el Sistema de Educación, lo cual significa que esta no es empleada del sistema. Por ello, el Departamento de Educación alegó que ante la inactividad de la Sra. Falcón Ayala en el sistema, el remedio solicitado por esta resulta académico pues no surtirá efecto legal o jurídico alguno.

La OASE concedió término en dos ocasiones a la Sra. Falcón Ayala para replicar la solicitud de desestimación presentada. No lo hizo.

Por el contrario, el Departamento de Educación oportunamente presentó copia impresa de la información obtenida del sistema de personal que administra el Departamento de Educación. Dicha copia tiene fecha del 30 de marzo de 2022 y expresa que la Sra. Falcón Ayala está inactiva en el sistema. Además, en el espacio de *estatus del puesto*, este indica *terminado.* Por su parte, la Sra. Falcón Ayala no presentó prueba que rebatiera la presentada por el Departamento de Educación sobre su estado inactivo en el sistema. Como expusimos anteriormente, la Sra. Falcón Ayala no replicó los escritos presentados por el Departamento de Educación. Tampoco cumplió con las órdenes de la OASE a tales efectos. Ante la prueba presentada por el Departamento y la evidencia que obra en el expediente administrativo, concluimos que la OASE actuó correctamente al desestimar por academicidad la apelación de la Sra. Falcón Ayala. Nos explicamos.

La inactividad de la Sra. Falcón Ayala en el sistema fue un cambio que ocurrió estando pendiente el trámite administrativo. Este hecho era esencial a la controversia de la que trataba la

apelación: otorgarle a la Sra. Falcón Ayala estatus como empleada permanente. Sin embargo, debido a que la Sra. Falcón Ayala se encuentra inactiva en sistema, esta no es empleada del Departamento de Educación, por lo que la controversia perdió su actualidad, de modo que el remedio solicitado por esta no tendría efecto real alguno. La controversia se tornó académica.

En virtud de lo anterior, concluimos que la OASE actuó correctamente al desestimar por académica la apelación de la Sra. Falcón Ayala, por lo que procede confirmar la resolución recurrida.

**IV.**

Por los fundamentos que anteceden, se confirma la resolución recurrida.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones